UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MATTHEW WHITE<br><br>　　　　　　Plaintiff,<br><br>– Versus –<br><br>ALLIED TRUST INSURANCE COMPANY<br><br>　　　　　　Defendant | CIVIL ACTION No.:<br><br>JUDGE:<br><br>MAG. JUDGE:<br><br><br><br>**JURY DEMAND** |

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Complainant, **MATTHEW WHITE**, who hereby submit this Original Complaint, to wit:

**I.   PARTIES**

1.

Made Plaintiff herein is **MATTHEW WHITE**, a person of the full age of majority domiciled in the Parish of Terrebonne, State of Louisiana with an address of 252 Riverwood Drive, Houma, Louisiana 70360 ("*Complainant*").

2.

Made Defendant herein is **ALLIED TRUST INSURANCE COMPANY** ("*Allied Trust*"), a foreign corporation domiciled in Florida who may be served through its registered agent for service of process Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

**II.   JURISDICTION AND VENUE**

3.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332 because complete

diversity of citizenship exists between the parties and because the amount in controversy is greater than the minimum jurisdictional amount.

4.

Pursuant to 28 U.S.C. §1391(b), venue is proper in the Eastern District of Louisiana, because the property that is the subject of this action and where the damages were sustained occurred within the Eastern District of Louisiana.

### III. RELEVANT FACTS

5.

Complainant owns the immovable property with improvements bearing municipal address 252 Riverwood Drive, Houma, Louisiana 70360 (the "*Property*").

6.

At all pertinent times herein, **Allied Trust** issued a policy of homeowners insurance to Complainant for the Property covering the dwelling, other structures, and personal property and loss of use for Complainant caused by perils, including hurricanes, under **Policy No.** ULF00040140271 (the "*Policy*").

7.

On or about August 29, 2021, Hurricane Ida made landfall in Southeast Louisiana causing extensive physical damage to the dwelling, other structures, and personal property located on the Property and additional living expenses for Complainant.

8.

Complainant promptly reported the loss to **Allied Trust**, who assigned claim number 21110752 (the "*Claim*").

9.

Complainant immediately took steps to mitigate his damages to best of Complainant's ability and eventually provided **Allied Trust** with satisfactory proof of loss including, but not limited to: (a) itemized repair estimates for damages the dwelling and other structures; (b) itemized list of damaged contents; and (c) proof of loss of use incurred by Complainants.

10.

At some point in time, **Allied Trust** conducted a field inspection of the Property (the "*Inspection*").

11.

The Inspection constituted satisfactory proof of loss as required per La. R.S. § 22:1892 and 1973.

12.

By filing the Claim and providing Allied Trust with damage information and access to the Property, satisfactory proof of loss as required per La. R.S. § 22:1892 and 1973 was accomplished.

13.

On or about December 2021 and January 2022, undersigned counsel, on behalf of Complainant, sent **Allied Trust** a demand letter demanding payment to repair the damages caused by Hurricane Ida and enclosed an itemized repair estimate. Over the course of the next several months, undesigned counsel would send several other demands requesting adequate payments be made on the Claim.

14.

By filing the Claim, allowing **Allied Trust** to inspect the Property, submitting damage information, and demands, Complainant has further submitted satisfactory proof of loss to **Allied**

**Trust** as required per La. R.S. § 22:1892 and 1973.

15.

Due to **Allied Trust's** refusal to pay the amount owed to Complainant on the Claim, Complainant was forced to utilize funds from other sources to repair as much damage to the Property as feasible and expend an enormous amount of time, money and energy attempting to get **Allied Trust** to pay the full value of the Claim.

16.

To date, despite being provided with satisfactory proof of loss, **Allied Trust** has failed to timely and adequately tender payment to Complainant on the Claim or make a written offer to settle the Claim.

17.

The failure of **Allied Trust** to adequately pay the Claim or make a written offer to settle the Claim despite satisfactory proof of loss and the time and manner which the Claim was processed was all arbitrary, capricious, and/or without probable cause, thereby rendering **Allied Trust** liable in bad faith in violation of Louisiana law as set forth below.

18.

On or about January 27, 2022, **Allied Trust** invoked the appraisal process on the Claim.

19.

On or about January 28, 2022, Complainant provide **Allied Trust** its named appraiser.

20.

It would not be until on or about September 16, 2022, when **Allied Trust** finally provided Complainant an appraisal award letter and September 22, 2022, when Allied Trust tendered the appraisal award less recoverable depreciation, deductible, and prior payments.

21.

The delay in the appraisal process was the sole fault of Allied Trust and/or its named appraiser.

22.

The appraisal award is further proof of the bad faith manner in which Allied Trust processed and handled the Claim.

## IV. CAUSES OF ACTION

**A.   Breach of Insurance Contract**

23.

Complainant re-alleges and incorporates the above paragraphs as if fully set forth herein.

24.

The Policy is a valid, binding legal insurance contract between Complainant and **Allied Trust.**

25.

The Policy provides coverage to Complainant for damages to the dwelling, other structures, personal property, and loss of use for Complainant as a result of Hurricane Ida.

26.

**Allied Trust** has breached the insurance contract in the following ways:

  a) Failing to timely and adequately initiate Complainant's losses per the Claim;

  b) Failing to timely and adequately calculate Complainant's losses per the Claim;

  c) Failing to timely and adequately tender proceeds to cover damage sustained to the dwelling located on the Property;

  d) Failing to timely and adequately tender proceeds to cover damage sustained to the

    other structures located on the Property;

e) Failing to timely and adequately tender proceeds to cover damage sustained to Complainant's personal property;

f) Failing to timely tender adequate proceeds to cover Complainant's additional living expenses;

g) Failing to timely and adequately tender proceeds after receiving satisfactory proof of loss;

h) Failing to timely and adequately tender undisputed proceeds;

i) Failing to pay the Claim within the time constraints allowed under by law after receiving satisfactory proof of loss;

j) Purposely and/or negligently misrepresenting to Complainant the terms and conditions of the Policy;

k) Failing to evaluate and process the Claim in good faith and fair dealing;

l) Refusing to timely and adequately communicate with Complainant during the Claims process;

m) Failing to conduct the appraisal process in a timely manner;

n) Attempting to claw back funds already tendered and negotiated by Complainant;

o) Backing out of an agreed settlement; and

p) Other ways which will be shown at trial.

27.

**Allied Trust**'s breach of the insurance contract was in bad faith.

28.

Complainant has fully and satisfactorily performed all its obligations pursuant to the

insurance contract, yet **Allied Trust** has failed to perform.

29.

As a result of **Allied Trust's** breach, Complainant has been damaged as set forth below and continue to incur damages daily.

**B.** **Violation of La. R.S. § 22:1892**

30.

Complainant re-alleges and incorporates the above paragraphs as if fully set forth herein.

31.

Pursuant to La. R.S. § 22:1892, **Allied Trust** was required to: (a) pay the Claim and make a written offer to settle the Claim within thirty (30) days after receipt of satisfactory proof of loss and (b) initiate loss adjustments within sixty (60) days after notification of loss by Complainant.

32.

The Inspection that occurred on or about **September 30, 2021**, constituted satisfactory proof of loss which triggered the statutory deadlines per La. R.S. § 22:1892 to pay the Claim and make a written offer to settle the Claim.

33.

In the alternative, at the latest, the date Complainant provided **Allied Trust** the demand(s) constituted satisfactory proof of loss which triggered the statutory deadlines per La. R.S. § 22:1892.

34.

**Allied Trust** has failed to timely initiate loss adjustments, adequately pay the Claim, and/or make a written offer to settle the Claim within the statutory deadlines per La. R.S. § 22:1892.

35.

**Allied Trust's** violations of the duties set forth above were arbitrary, capricious, and/or without probable cause.

36.

For **Allied Trust's** violations of La. R.S. § 22:1892 as set forth above, Complainant is entitled to recover, in addition to the amount of the Claim, statutory penalties of fifty percent of the amount found to be due from **Allied Trust** to Complainant, or one thousand dollars, whichever is greater, as well as reasonable attorney fees and costs.

C.    **Violation of La. R.S. § 22:1973**

37.

Complainant re-alleges and incorporates the above paragraphs as if fully set forth herein.

38.

Pursuant to La. R.S. § 22:1973, **Allied Trust** owed Complainant a duty of good faith and fair dealing and to adjust the Claim fairly and promptly.

39.

**Allied Trust** violated these duties as follows:
  a) Failing to timely and adequately initiate Complainant's losses per the Claim;
  b) Failing to timely and adequately calculate Complainant's losses per the Claim;
  c) Failing to timely and adequately tender proceeds to cover damage sustained to the dwelling located on the Property;
  d) Failing to timely and adequately tender proceeds to cover damage sustained to the other structures located on the Property;
  e) Failing to timely and adequately tender proceeds to cover damage sustained to Complainant's personal property;

f) Failing to timely tender adequate proceeds to cover Complainant's additional living expenses;

g) Failing to timely and adequately tender proceeds after receiving satisfactory proof of loss;

h) Failing to timely and adequately tender undisputed proceeds;

i) Failing to pay the Claim within the time constraints allowed under by law after receiving satisfactory proof of loss;

j) Purposely and/or negligently misrepresenting to Complainant the terms and conditions of the Policy;

k) Failing to evaluate and process the Claim in good faith and fair dealing;

l) Refusing to timely and adequately communicate with Complainant during the Claims process;

m) Failing to conduct the appraisal process in a timely manner;

n) Attempting to claw back funds already tendered and negotiated by Complainant;

o) Backing out of an agreed settlement; and

p) Other ways which will be shown at trial.

40.

**Allied Trust's** violations of the duties set forth above were arbitrary, capricious, and/or without probable cause.

41.

For **Allied Trust's** violations of La. R.S. § 22:1973, as set forth above, Complainant is entitled to recover, in addition to the amount of the Claim, an amount equal to two times the damages sustained by Complainant, as set forth below, or five thousand dollars, whichever is

greater, as well as reasonable attorney fees and costs.

D.   **Intentional and Negligent Infliction of Emotional Distress**

42.

Complainant re-alleges and incorporates the above paragraphs as if fully set forth herein.

43.

For all of the above actions and inactions of **Allied Trust** as set forth above**, Allied Trust** is liable to Complainant under the legal theory of intentional and negligent infliction of emotional distress entitling Complainant to the damages set forth below.

E.   **Negligent Claims Adjusting**

44.

Complainant re-alleges and incorporates the above paragraphs as if fully set forth herein.

45.

For all of the above actions and inactions of **Allied Trust** as set forth above, **Allied Trust** is liable to Complainant under the legal theory of negligent claims adjusting entitling Complainant to the damages set forth below.

V.   **DAMAGES**

46.

Complainant re-alleges and incorporates the above paragraphs as if fully set forth herein.

47.

As a direct result of **Allied Trust's** actions, inactions, and omissions described above and which will be proven at trial, Complainant is entitled to recover the following from **Allied Trust:**

   a) Diminution of the value of the Property;

   b) Costs to adequately repair the dwelling located on the Property;

c) Costs to adequately repair the other structures located on the Property;

d) Costs to adequately repair and/or replace the personal property located on the Property damaged due to Hurricane Ida;

e) Reimbursement for repairs Complainants made to the Property;

f) Costs for content manipulation to repair the Property;

g) Loss of income;

h) Inconvenience;

i) Mental anguish;

j) Repair and remediation expenses;

k) Loss of use of enjoyment of the Property;

l) Damage to the Property;

m) Loss of investment value of funds used to offset Defendant's failure to pay, including lost interest;

n) Statutory penalties, damages, attorneys' fees, and costs per La. C.C. art. 1997;

o) Statutory penalties, damages, attorneys' fees, and costs per La. R.S. § 22:1892;

p) Statutory penalties, damages, attorneys' fees, and costs per La. R.S. § 22:1973;

q) Statutory penalties, damages, attorneys' fees, and costs per La. R.S. § 22:1895;

r) Pecuniary and non-pecuniary damages;

s) Penalties, damages, and attorneys' fees;

t) Other professional fees and costs of litigation;

u) Costs of these proceedings;

v) Costs of estimates, estimators, adjusters, professions, and/or experts; and

w) Other damages as will be shown at trial

(collectively, the "*Damages*").

**VI.** **JURY DEMAND**

48.

Complainant demands a trial by jury on all issues.

**WHEREFORE**, Complainant, **MATTHEW WHITE**, prays Defendant, **ALLIED TRUST INSURANCE COMPANY,** be served with a copy of this Complaint and be duly cited to appear and answer the same, and that after due proceedings are had there be judgment in favor of Complainant and against Defendant, **ALLIED TRUST INSURANCE COMPANY**, in a principal sum to adequately compensate Complainant for the Damages set forth herein, with legal interest thereon from the date of judicial demand until paid in full, attorneys' fees, expenses, all costs of these proceedings, and for all other general and equitable relief this Honorable Court deems lawful, proper, and just.

                                    Respectfully submitted,
                                    */s/ Sye J. Broussard*
                                    **SYE J. BROUSSARD (Bar #33035), T.A.**
                                    **JACKIE DOVE BROUSSARD (Bar # 33539)**
                                    **VICTOR M. DANTIN (Bar # 35462)**
                                    BROUSSARD & DOVE, APLC
                                    7605 Park Avenue | Houma, Louisiana 70364
                                    T: 985.868.4800 | F: 985.868.4899
                                    E: Sye@BroussardDoveLaw.com
                                         Jackie@BroussardDoveLaw.com
                                         Vic@BroussardDoveLaw.com
                                    *Counsel for Complainant*